UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHANIE BAILEY,

  Plaintiff,                              CASE NO.:    3:17-Cv-350-DJH

-VS-

UNITED RECOVERY SOLUTIONS, INC.,

  Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, STEPHANIE BAILEY, by and through the undersigned counsel, and sues Defendant, UNITED RECOVERY SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like UNITED RECOVERY SOLUTIONS, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     The alleged violations described herein occurred in Jefferson County, Kentucky. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Hinds County, Mississippi.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11.     Defendant, UNITED RECOVERY SOLUTIONS, INC. (hereinafter "UNITED"), is a corporation which was formed in Kentucky with its principal place of business located at 11603 Shelbyville Road, Suite 2, Louisville, KY 40243, and which conducts business in the State of Kentucky through its registered agent John W. Hibbard located at 11603 Shelbyville Road, Suite 2, Louisville, KY 40243.

12.     UNITED called Plaintiff on Plaintiff's cellular telephone approximately twenty (20) times in an attempt to reach an individual known as "Yulanda Thompson".

13.     UNITED attempted to collect a debt from Plaintiff that belonged to a third party by this campaign of telephone calls.

14.     Plaintiff does not currently have any account or business dealings with UNITED.

15.     UNITED intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be reasonably expected to harass.

16.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from UNITED.

17.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (769) ***-5377, and was the called party and recipient of Defendant's calls.

18.     UNITED placed an exorbitant number of automated calls to Plaintiff's cellular telephone (769) ***-5377 in an attempt to reach an individual known as "Yulanda Thompson".

19.     On several occasions over the last four (4) years, Plaintiff instructed UNITED's agent(s) to stop calling her cellular telephone. For example, on one such occasion, Plaintiff told UNITED's agent "My baby just died this morning. I should not be getting harassed about something that doesn't concern me." On another occasion, Plaintiff told UNITED's agent "I am at my son's funeral. Please stop calling me."

20.     Despite Plaintiff informing UNITED to stop calling UNITED's autodialer calls to Plaintiff's cellular phone continued. From January 5, 2017 to January 12, 2017, Plaintiff made a non-exclusive log of six (6) calls she received from UNITED. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from UNITED; however, attached hereto as Exhibit A is a small sampling.

21.     Plaintiff estimates approximately twenty (20) calls to her cell phone post-revocation.

22.     The autodialer calls from Defendant came from telephone numbers including but not limited to (877) 839-3676 and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to UNITED.

23.     UNITED has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

24.     UNITED has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or UNITED, to remove the number.

25.     UNITED's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to UNITED they wish for the calls to stop.

26.     UNITED has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27.    UNITED has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

28.    UNITED has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

29.    UNITED's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30.    UNITED has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

31.    None of UNITED's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32.    UNITED willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

33.    From each and every call placed without express consent by UNITED to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

34.    From each and every call without express consent placed by UNITED to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from UNITED's call.

35.     From each and every call placed without express consent by UNITED to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36.     Each and every call placed without express consent by UNITED to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37.     Each and every call placed without express consent by UNITED to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

38.     Each and every call placed without express consent by UNITED to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

39.     Each and every call placed without express consent by UNITED to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

40.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Plaintiff suffered the loss of her child during the time she was being harassed by UNITED. Specifically, UNITED called Plaintiff on the day her child passed away and during her child's funeral. These caused additional stress and anxiety to Plaintiff. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, UNITED's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
**(Violation of the TCPA)**

41.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty (40) as if fully set forth herein.

42.     UNITED willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified UNITED that she wished for the calls to stop.

8

43.     UNITED repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Stephanie Bailey, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, UNITED RECOVERY SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

44.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty (40) as if fully set forth herein.

45.     At all times relevant to this action UNITED is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

46.     UNITED has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47.     UNITED has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48.     UNITED has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff, Stephanie Bailey, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, UNITED RECOVERY SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
*Pro Hac Vice Motion to be filed*
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff