UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHANIE BAILEY,

  Plaintiff,

-vs-                                            CASE NO.:  3:17-CV-00350-DJH

UNITED RECOVERY SOLUTIONS, INC,

  Defendant.

_____/

**PLAINTIFF'S MOTION FOR DEFAULT**
**JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, STEPHANIE BAILEY (hereinafter "Plaintiff"), by and through her undersigned counsel, respectively moves this Court to enter a default judgment against Defendant, UNITED RECOVERY SOLUTIONS, INC. (hereinafter "Defendant"), pursuant to Federal Rule of Civil procedure 55(b).

Plaintiff commenced this action on June 7, 2017 [Doc 1], asserting Defendant called the Plaintiff's cellular telephone number ending in  - 5377 approximately twenty (20) times for non-emergency purposes using an automatic telephone dialing system ("ATDS") without the Plaintiff's prior express consent in violation of the TCPA. The complaint at issue pleads counts against Defendant for, *inter alia*, violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et. seq.*, (hereinafter "TCPA"), and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, (hereinafter "FDCPA"). [Doc. 1].

Plaintiff initially received calls from the Defendant on or about January 4, 2017.  On or about January 4, 2017, Plaintiff received a phone call from Defendant, in an attempt to reach an individual known as "Yulanda Thompson". Plaintiff instructed the agent that she was not the

1

individual for whom they were calling, specifically stating, "My baby just died this morning. I should not be getting harassed about something that doesn't concern me" and to stop calling her cellular telephone. Despite telling Defendant to stop calling, Defendant continued its campaign of calls to Plaintiff by placing an additional four (4) calls from January 5, 2017 through January 12, 2017. Defendant chose to willfully and intentionally continue its torrent of harassing automated calls despite actual knowledge of wrong doing, that Defendant had no business relationship with Plaintiff and no express permission from Plaintiff to call her in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

The Plaintiff served the Complaint and Summons on Defendant on its registered agent per its Kentucky Department of State Filings [Attached Exhibit "A"] on June 13, 2017. The Return of Service was filed with the Court on June 21, 2017. *See* Return of Service [Doc 6]. Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to serve a responsive pleading to the complaint within 21 days after being served with the summons and complaint; however the Defendant failed to do so. Defendant has failed to timely appear and to date has not entered any appearance in this case or otherwise responded to the Complaint. The clerk entered a Clerk's Default [Doc 9] on August 2, 2017.

## ARGUMENT

### I. STANDARD OF REVIEW

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the Complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire*

*& Sec., LLC v. Alcocer,* 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC,* 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. *See Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing *Tyco Fire*).

Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." *See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); *Magee v. Maesbury Homes, Inc.*, Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); *Enpat, Inc. v. Budnic,* Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla. Mar. 29, 2011)

## II.    STATUTORY PROVISIONS

### A.    TCPA

The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service…or any service for which the called party is charged for the call" 47 U.S.C. § 227(b)(1)(A)(iii). Enforcement of this rule is assured through a private right of action created by the TCPA, which provides that a person may bring "an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. 227(b)(3)(B). In addition, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal

to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

      **B.**    **FDCPA**

Pursuant to the statutory FDCPA violations alleged in the Complaint [Doc 1], the FDCPA makes it unlawful for a debt collector, while attempting to collect a debt, to:

    (a)    willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692(d));

The amount of statutory damages available for violations of the FDCPA is up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). Reasonable attorneys' fees and costs are available to a successful Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA.

T**HE FACTS ALLEGED IN THE**
**COMPLAINT ESTABLISH DEFENDANT'S LIABILITY**

At all relevant times, Plaintiff was a natural person, and citizen of the State of Mississippi, residing in Hinds County, Mississippi ([Doc 1], ¶9). From January 4, 2017 to January 12, 2017, Plaintiff received automated calls to her cellular telephone from the Defendant in an attempt to reach an individual known as "Yulanda Thompson". ([Doc 1, ¶18). On January 4, 2017, Plaintiff told UNITED's agent "My baby just died this morning. I should not be getting harassed about something that doesn't concern me." Further, Plaintiff told UNITED's agent "I am at my son's funeral. Please stop calling me." ([Doc 1, ¶19]).

Despite actual knowledge that the Plaintiff did not consent to the automated calls, the Defendant continued to willfully and knowingly violate the TCPA and FDCPA. ([Doc 1], ¶15, ¶16, ¶19). Defendant's corporate policy and procedures apparently provide no means for an individual to have their number removed from Defendant's call list ([Doc 1], ¶25, ¶27, ¶29, ¶30).

Willful violations of the TCPA, such as the ones endured by the Plaintiff, entitle Plaintiff to treble damages. 47 U.S.C. § 227(b)(3)(C).

### THE FACTS ALLEGED IN THE COMPLAINT AND PLAINTIFF'S AFFIDAVIT ESTABLISH THAT THE PLAINTIFF IS ENTITLED TO THE RELIEF REQUESTED.

Based on the Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") Plaintiff is entitled to $500.00 for the one (1) call prior to informing Defendant that she was not the individual for whom they were calling, and to cease calling, totaling $500.00, as well as $1,500.00 for the subsequent four (4) calls made after being instructed not to call, totaling $6,000.00. Plaintiff further requests the maximum statutory damages possible for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* of $1,000.00, totaling $1,000.00. The grand total of Plaintiff's damages amounts to $7,500.00.

### THE APPROPRIATE MONETARY REMEDY FOR DEFENDANT'S VIOLATIONS OF THE TCPA, FCCPA AND FDCPA IS A CIVIL PENALTY OF $124,500.00

**A.     TCPA**

The TCPA specifically allows a private right of action to "recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater" 47 U.S.C. § 227(B)(3)(B). Moreover, the act goes farther to provide that "if the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). Plaintiff is "entitled to treble damages for calls defendants made after she informed them that they were calling the wrong number." *Harris v. World Financial Network National Bank*, 867 F. Supp. 2d 888 (E.D. Michigan April 3, 2012). In

5

the case of <u>Tacoronte v. Tate & Kirlin Associates</u>, 2013 WL 5970720 (M.D. Fla., November 8, 2013) a default was entered against Tate & Kirlin and Tacoronte proceeded to seek judgment in the amount of $11,000.00 against Tate & Kirlin which constituted $500.00 for the first wrongful phone call received and $1,500.00 for seven subsequent phone calls after Tate & Kirlin had been notified of the wrong call. The Court found that "Tate & Kirlin has violated the TCPA on eight separate phone calls and the Court find damages of $11,000 to be appropriate." *See Tacoronte*. In <u>*Dr. Kathy Clements v. DSM Supply LLC*</u>, 8:13-CV-1096-t-33eaj (M.D. Florida, February 3, 2014), a default judgment was entered in the amount of $54,500.00 against DSM Supply LLC finding that thirteen (13) unwanted faxes received were worth $500.00 each and the subsequent e (32) unwanted faxes received after Plaintiff had clearly instructed DSM Supply LLC to stop were worth $1,500.00 each. In the case currently before this Court, the Plaintiff received five (5) un-solicited automated calls to her cell phone without her express consent in violation of the TCPA. As the TCPA is a strict liability statute, the Plaintiff is entitled to recover $500.00 for the first one (one) unwanted call Plaintiff received in violation of the TCPA totaling $500.00. Plaintiff is entitled to recover $1,500.00 for each of the subsequent four (4) calls placed after Plaintiff had instructed Defendant to cease, totaling $6,000.00, for a grand total of $6,500.00 in damages for violation of the TCPA.

  As the Plaintiff had no business relationship with the Defendant, yet received automated calls against her will and informed Defendant that she wished for the unwanted automated calls to cease, the Plaintiff is entitled to treble damages for said calls knowingly in violation of the laws. "…[T]he intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." <u>*Alea London Ltd. v. American Home Services, Inc.*</u>, 638 F.3d at 776 (11th Cir. 2011).

6

**B. FDCPA**

The FDCPA seeks to remedy abusive, deceptive and unfair debt collection practices by debt collectors against consumers. See 15 U.S.C. § 1692€, *Owen v. I.C. Systems, Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). In order to prevail on an FDCPA claim, a plaintiff must establish that she was the object of collection activity arising from a consumer debt; the defendant qualifies as a debt collector under the FDCPA; and that defendant engaged in acts or omissions prohibited by the FDCPA. See *Cora v. Commercial Recovery Systems, Inc.,* 2013 WL 3974653 (S.D. Fla. July 31, 2013); *Jacobs v. Alexander William & Associates*, 2013 WL 1687699 (M.D. Fla. April 18, 2013) (citing *Wise v. Coach*, 200 WL 1257665, AT *2 (S.D. Fla. Mar. 26, 2010)). Through the Default [Doc 9] entered in this case, Defendant has admitted that through its debt collection conduct, it used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff; that it engaged in conduct the natural consequences of which was designed to harass, oppress, or abuse the Plaintiff; that it caused the Plaintiff's phone to continually ring with the intent to annoy, abuse or harass the Plaintiff; and by misrepresenting facts of the debt [Doc. 1, ¶ 1-40, 44-48].

Accordingly, Plaintiff would respectfully request that this Court enter default judgment against Defendant with respect to Plaintiff's FDCPA claim, and award Plaintiff statutory damages in the amount of $1,000, in addition to court costs and reasonable attorneys' fees incurred by the Plaintiff in this action.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff, STEPHANIE BAILEY, moves the Court to enter final judgment against Defendant, UNITED RECOVERY SOLUTIONS, INC., assessing a civil penalty of $7,500.00 for violations of the TCPA and FDCPA. Plaintiff has attached hereto, as Exhibits "B" and "C" respectively, Affidavits of Plaintiff and Plaintiff's Counsel Frank H. Kerney, in support of this subject motion.

Dated this 23rd day of January, 2018.

                                                         */s/Frank H. Kerney, III, Esquire*
                                                        Frank H. Kerney, III, Esquire
                                                        Florida Bar #: 88672
                                                        Morgan & Morgan, Tampa, P.A.
                                                        One Tampa City Center
                                                        201 North Franklin Street, 7th Floor
                                                        Tampa, FL 33602
                                                        Telephone: (813) 223-5505
                                                        Facsimile: (813) 223-5402
                                                        fkerney@forthepeople.com
                                                        jkneeland@forthepeople.com
                                                        snazario@forthepeople.com
                                                        Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I further certify that on this 23rd day of January, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which provided copies to all CM/ECF participants.

Additionally I further certify that I mailed the foregoing document and applicable exhibits and the notice of electronic filing via U.S. Mail to the following non-CM/ECF participants:

DEFENDANT UNITED RECOVERY SOLUTIONS, INC. c/o:

Registered Agent:
United Recovery Solutions, Inc.
Charles Schumacher
11603 Shelbyville Road, Suite 2
Louisville, KY 40243

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672