UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17CV-00350-DJH-RSE

STEPHANIE BAILEY                                                                  PLAINTIFF

VS.

UNITED RECOVERY SOLUTIONS, INC.                                         DEFENDANT

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff Stephanie Bailey's Motion for Attorneys' Fees and Costs against Defendant United Recovery Solutions, Inc. based on the Court's recent entry of default judgment in favor of Plaintiff. (DN 21; DN 23). The time for Defendant to respond has passed. The District Judge has referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. (DN 24).

### Background

Plaintiff Stephanie Bailey filed a complaint against Defendant United Recovery Solutions, Inc., alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. (DN 1). After Defendant was served and failed to answer, the Court entered a default judgment for Bailey. (DN 18, adopting in full and incorporating DN 16). By virtue of the default, the Court found Bailey was entitled to $6,500 in damages for violations of the TCPA and $1,000 for

violations of the FDCPA. (DN 16, at p. 9). Bailey has now filed a Motion for Attorneys' Fees and Costs against Defendant. (DN 23).

Discussion

A. Standard

The FDCPA entitles a prevailing party to reasonable attorney fees and court costs. 15 U.S.C. § 1692k(a)(3). A reasonable attorney fee is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). District courts in the Sixth Circuit use the "lodestar" method to calculate reasonable fees. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar method requires multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Because the goal in fee shifting is not to "achieve auditing perfection," but to attain "rough justice," *Fox v. Vice,* 563 U.S. 826, 838 (2011), there is a strong presumption that the lodestar figure will be reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The party seeking an award of fees should submit evidence supporting the rate claimed and the hours worked. *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

The Court may also use its discretion to adjust the lodestar fee by considering twelve factors identified by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). These considerations are: (1) the time and labor required; (2) the novelty and difficulty of

the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Bailey asks this Court to award her $3,580.00 in attorneys' fees and $1,166.77 in costs.[1] She explains that two law firms, Morgan & Morgan and Anthony & Partners, were retained in this case. (DN 23, at p. 3). For Morgan & Morgan's services from April 5, 2017 through August 15, 2018, Bailey states that she owes: $525.00 for 1.5 hours of attorney time, billed at $350.00 per hour; $2,235.00 for 14.9 hours of paralegal time, billed at $150.00 per hour; and $1,166.77 in costs. (*Id.*). For Anthony & Partners services from July 13, 2018 through August 22, 2018, Bailey states she owes: $820.00 for 4 hours of attorney time, billed at $205.00 per hour. (*Id.* at pp. 3-5). To support these totals, Bailey submits time sheets from both law firms with a list of billing entries, specifying the date of the billed activity, the individual billing the time, a brief description of the work performed, the time billed in tenths of an hour, and the calculated fee per entry. (*See* DN 23-1; DN 23-2). After reviewing these entries, it appears that Anthony & Partners only performed work in Bailey's case involving the instant motion for attorneys' fees. (*See* DN 23-2). Bailey also submits a "case expense report" delineating the costs and fees associated with her case, including filing fees, service of process fees, long distances telephone charges, subpoena compliance charges, and printing and postage expenses. (*See* DN 23-1, at pp. 5-6).

---

[1] United Recovery Solutions, Inc. has not responded or objected to Plaintiff's Motion for Attorney's Fees.

3

B. Attorneys' Fees

In determining a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, or reputation." *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). The court, however, retains broad discretion to determine what constitutes a reasonable hourly rate. *Id.*; *Wells v. New Cherokee Corp.*, 58 F.3d 233, 239 (6th Cir. 1995).

Attorney Frank Kerney, a shareholder from Morgan & Morgan requests a rate of $350.00 hourly for the 1.5 hours he billed in this matter, and attorney Bradley W. Crocker, an associate from Anthony & Partners requests a rate of $205.00 for the 4 hours he billed in this matter. (DN 23, at p. 5). Bailey alleges these rates are "customary" in the Tampa Bay metropolitan area for prosecution of commercial litigation or are lower than the market rate and "appear to be similar" to metropolitan areas in the Western District of Kentucky. (*Id.*). The Motion then states: "[t]he Firms anticipate filing an affidavit of reasonableness as to attorneys' fees once a fee expert has completed her review." (DN 23, at p. 5). Yet almost two months have passed since Bailey filed her Amended Motion for Attorneys' Fees, and no such affidavit has been submitted.

Without any evidence of Mr. Kerney's or Mr. Crocker's experience in these types of matters, the Court is left to examine awards in similar FDCPA cases. First the Court looks to similar cases within the Sixth Circuit, where this action was brought. In April of 2017, a judge within this district found $250.00 an hour was a reasonable hourly rate in an FDCPA case. *Couch v. Transworld Systems, Inc.*, No. 3:16-CV-00618-CRS, 2017 WL 1520426, at *2 (W.D. Ky. Apr. 25, 2017). In other district courts within the Sixth Circuit, judges have found $203.00 an hour, *Bootz v. K.I.P., LLC*, No. 15-1419, 2016 WL 2733093, at *2 (E.D. Mich. May 11, 2016) (finding that requested hourly rate is reasonable and compares favorably with prevailing rates in

this district); $325.00 an hour, *Watson v. Fin. Accounts Serv. Team, Inc.*, 2:16-CV-00260-HSM-MCLC, 2017 WL 1404532, at *1-2 (E.D. Tenn. Jan. 30, 2017) (finding requested rate to be reasonable based on declarations of plaintiff's counsel and itemization of services performed), and $350.00 an hour, *Tikan v. Asset Acceptance, LLC*, No. 13-12173, 2016 WL 1212641, at *3 (E.D. Mich. Feb. 12, 2016) (finding rate to be appropriate in view of the most recent State Bar of Michigan Economics of Law Practice Survey), to all be reasonable hourly rates. In *Tikan*, the court further found the rate of $125.00 per hour for a legal assistant was reasonable and in line with other paralegal rates approved throughout the district. 2016 WL 1212641, at *3.

The Court also looks to similar cases in the Tampa Bay area, where the attorneys in this case practice. One judge in the Tampa division of the Middle District of Florida noted that, where a plaintiff provides no information regarding the experience of his or her counsel, their expertise, or their reputations, and nothing about the case appears complex, then "$200.00 to $300.00 per hour is a reasonable hourly rate for a routine FDCPA matter[.]" *Myrick v. Distribution & Acquisition Network*, No. 8:09-cv-1391-T-33TBM, 2010 WL 2179112, at *5 (M.D. Fla. Apr. 28, 2010). A more recent case from that same district noted that "courts award between $100.00 and $350.00 per hour for attorneys and between $95.00 and $100.00 per hour for paralegals" and ultimately found an hourly rate of $300.00 was appropriate for an attorney with considerable experience where the issues were neither novel nor difficult. *Alston v. Receivables*, No. 6:17-cv-1723-Orl-31-DCI, 2018 WL 3448595, at *10 (M.D. Fla. June 27, 2018) (citing *Castro v. Capital One Servs., LLC*, Case No. 8:16-cv-889-T-17TGW, 2017 WL 6765246, at *3 (M.D. Fla. Dec. 15, 2017) (finding reasonable hourly rate for attorneys in FDCPA cases ranged between $100.00 and $300.00)); *see also Anderson v. Blueshore Recovery*

5

*Sys., LLC.*, No. 3:15-cv-338-J-34JRK, 2016 WL 1317706, at *6 (M.D. Fla. Feb. 25, 2016) (holding that $95.00 is a reasonable rate for paralegal work in FDCPA cases).

Here, Mr. Crocker's requested rate of $205.00 per hour as an associate attorney is reasonable and aligns with the rates approved in other cases within this district, the Sixth Circuit, and the Middle District of Florida. *See, e.g., Couch*, 2017 WL 1520426, at *2. Mr. Kerney's requested rate of $350.00 per hour and requested paralegal rate of $150.00 per hour, however, are at the higher end of the rates awarded in FDCPA cases. Because Bailey has not otherwise supported these rates with any explanation, declaration, or affidavit from Mr. Kerney as to his experience, expertise, and reputation, the Court finds the requested rates for Mr. Kerney and his paralegal are unreasonable and excessive. Bailey has not demonstrated that Mr. Kerney and his paralegal are entitled a rate at the higher end of the spectrum. *See Alston*, 2018 WL 3448595, at *10. Based on the limited information before it, the Court finds that a rate of $300.00 per hour for Mr. Kerney and $125.00 per hour for his paralegal are reasonable for this routine FDCPA case.

One final consideration is the fact that Bailey's case involved TCPA and FDCPA claims, but Bailey can only recover for attorney's fees as to her FDCPA claims. As this Court noted in its earlier Report and Recommendation on Bailey's Motion for Default Judgment, "[a]ttorney's fees are not recoverable for violations of the TCPA. (DN 16, at p. 9 (citing *Southam v. Halsted Fin. Servs.*, No. 9:15-CV-80460-R/B, 2015 WL 5215987, at *2 (citing *Bauer v. Midland Credit Mgmt, Inc.*, No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *7-8 (M.D. Fla. Dec. 4, 2012), *report & recommendation adopted*, No. 8:12-CV-614-T-23TGW, 2012 WL 6733021 (M.D. Fla. Dec. 28, 2012) (reducing requested fees by 20% because claimant's time records failed to

distinguish between time spent on FDCPA and TCPA claims and failed to show TCPA claims were intertwined with FDCPA claims))).

Review of Bailey's Complaint reveals that the TCPA and FDCPA violations were based on the same telephone calls Defendant placed to Bailey: the TCPA violations were based on the calls being "repeatedly placed . . . using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent;" the FDCPA violations were based on Defendant's calls causing her phone to ring "repeatedly or continuously with intent to annoy, abuse, or harass" and using "unconscionable means . . . to attempt to collect [a] debt." (DN 1, at ¶¶ 41-43; 47-48). Because the FDCPA and TCPA claims were based on the same phone calls and therefore closely related, Bailey is entitled to recover fees for all the time listed in her attorneys' time records, and further division of their time is not required. *See Southam*, 2015 WL 5215987, at *2. The Court finds that the 16.4 hours of time spent between Mr. Kerney and his paralegal on this suit before default judgment was granted, as described in sufficient detail in his time records, to be a reasonable number of hours expended.

In summary, the Court recommends awarding Plaintiff attorneys' fees at $205.00 per hour for 4 hours of work for Mr. Crocker, at $300.00 per hour for 1.5 hours of work for Mr. Kerney, and at $125.00 per hour for 14.9 hours of work for Mr. Kerney's paralegal. This totals $3,132.50 in attorneys' fees.

### C. Costs

Bailey also seeks to recover $1,166.77 in costs. Costs recoverable under the FDCPA are limited to those listed in 28 U.S.C. § 1920. *Mann v. Acclaim Fin. Servs., Inc.*, 348 F. Supp. 2d 923, 931 (S.D Ohio 2004). Section 1920 provides for the recovery of, among other things, fees

of the clerk or marshal, court reporter fees, printing and witness fees, the costs of copying and docket fees, and the costs of court appointed experts. 28 U.S.C. § 1920.

As an initial matter, the Court notes a glaring error in Morgan & Morgan's "Case Expense Report" – although the motion seeks $1,166.77 in costs, the balance sheet includes $300.00 of voided entries, creating an actual balance of $886.77. Morgan & Morgan should have sought costs in the balance amount of $886.77 from Defendants, not in the amount of $1,166.77. The Court will, therefore, not consider the $300.00 of voided charges as recoverable costs for Plaintiff.

Morgan & Morgan submits that it spent $525 on the new case filing fee and *pro hac vice* fee; further examination of the docket reveals that the filing fee was $400.00 (DN 1) and the *pro hac vice* admission fee was $125.00 (DN 4). Section 1920 does not specifically authorize *pro hac vice* admission fees to be taxed as costs, and courts are split on whether they may appropriately tax such admission fees to the non-prevailing party. *Compare Kallitta Air LLC v. Central Tex. Airborne Sys., Inc.,* 741 F.3d 955, 957-58 (9th Cir. 2013) (per curiam) (not taxing *pro hac vice* fees), with *Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 896 (8th Cir. 2009) (taxing *pro hac vice* fees). The Sixth Circuit has not clarified whether *pro hac vice* fees are an appropriate taxable cost under § 1920. *See Smith v. Joy Technologies, Inc.*, No. 11-270-ART, 2015 WL 428115, at *5 (E.D. Ky. Feb. 2, 2015).

Judges within this District have consistently concluded since 2010 that "'a *pro hac vice* filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs.'" *Madison Capital Co., LLC v. S&S Salvage, LLC*, No. 4:08-CV-00134-JHM, 2011 WL 3667673, at *1 (W.D. Ky. Aug. 22, 2011) (quoting *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010)). The reasoning is that "[a] *pro hac vice* fee is

a fee paid to the clerk and is, therefore, recoverable under § 1920(1)." *Roof v. Bel Brands USA, Inc.*, No. 4:14CV-00071-JHM, 2018 WL 445117, at *5 (W.D. Ky. Jan. 16, 2018) (quoting *Madison Capital Co., LLC*, 2011 WL 3667673, at *1); *but see Halliburton v. Ward*, No. 06-45-C, 2007 WL 2702214, at *2 (W.D. Ky. Sept. 12, 2007) (finding the "pro-hac-vice fee . . . is not taxable as costs" because it is an expense of counsel, not the client.). Because Defendants have not opposed Bailey's request to recover *pro hac vice* fees, the Court sees no cause to stray from the recent decisions in this District and will permit Morgan & Morgan to recover the $125.00 *pro hac vice* admission fee. Therefore, Bailey's request for an award of $525.00 as costs for filing is well-taken.

Morgan & Morgan also submits that it spent $150.00 on service of process through Investigative Services of Tampa, Inc., a private company. (DN 23-1, at p. 5). However, the cost of private service of process is only recoverable in an amount that does not exceed what the United States Marshals Service charges, *see Alecca v. AMG Managing Partners, LLC*, No. 3:13c-cv-163-J-39-PDB, 2014 WL 2987702, at *9 (M.D. Fla. July 2, 2014) (citing *EEOC v. W & O,* 213 F.3d 600, 624 (11th Cir. 2000)), which is $65.00 plus travel and other expenses, 28 C.F.R. § 0.114(a)(3). Accordingly, the Court will award the cap amount of $65.00 for service of process.

The additional costs sought by Morgan & Morgan include $165.00 for "AT&T Subpoena Compliance [Copy Charges]" and minimal amounts for long distance telephone calls, printing fees, and postage expenses. After reviewing these costs, the Court finds that only the subpoena compliance fee and printing fees are recoverable because the other expenses do not fall into those enumerated under § 1920. *See Kelly v. Montgomery Lynch & Associates, Inc.*, No. 1:07-CV-919, 2008 WL 4560744, at *10 (N.D. Ohio, Oct. 8, 2008) (explaining that copying charges

9

are permitted when the copy was made for use as an exhibit in court). Neither postage expenses nor long distance telephone fees are mentioned in § 1920.

In total, the Court recommends awarding costs in the amount of $766.00 to Plaintiff: $525.00 for filing fees, $65.00 for service of process, $165.00 for the subpoena compliance, and $11.00 for printing fees.

### Recommendation

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Amended Motion for Award of Attorneys' Fees and Costs Against Defendant (DN 23) is **GRANTED** to the extent that follows:

(1) Plaintiff is entitled to be reimbursed for her attorneys' fees and costs incurred in this matter from Defendant in the following amounts:

    a.  Costs and Expenses Totaling **$766.00**

    b.  Attorneys' Fees Totaling **$3,132.50**

Regina S. Edwards, Magistrate Judge
United States District Court

October 22, 2018

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:	Counsel of Record
	United Recovery Solutions, Inc. 11603 Shelbyville Rd., Suite 2, Louisville, KY 40243